IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAUL REJUNEY,

    Plaintiff,

v.                                                   Civil Action No. 3:10CV324–HEH

CHESAPEAKE CORRECTIONAL CENTER,

    Defendant.

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation and Dismissing Action)**

Plaintiff, a Virginia inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130,

1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). For example, in the present action the Court deems Plaintiff to claim that he was denied the constitutional right to reasonable access to the courts. If Plaintiff contends that the Defendant's conduct violated some other constitutional provision, he must submit an appropriate amended complaint in accordance with the instructions set forth below.

## Summary of Allegations and Claims
Plaintiff's entire complaint reads as follows:

> I requested access to the law library to research D.U.I. cases so I could file an appeal on my case. Dep. Brinkley stated to me she could not provide me any information on my case. She stated unless I have been sentenced I could not rec[ei]ve information from the law library computer. I told her I neede[d] information related to my conviction i[n] order to challenge my sentence. She stated once again I could not rec[ei]ve information until my case was sentenced.

(Compl. 5 (capitalization corrected).) Plaintiff names Chesapeake Correctional Center as the sole defendant and requests an award of $10,000.

## Analysis
### A. Propriety Of Naming Chesapeake Correctional Center As Defendant

This statute under which Plaintiff filed his complaint, 42 U.S.C. § 1983, provides a private right of action against a "person" who, acting under color of state law, deprives another of rights guaranteed by the Constitution or the laws of the United States. 42 U.S.C. § 1983; *see Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). Plaintiff names only Chesapeake Correctional Center as a defendant.[1] The Chesapeake Correctional Center, however, is not a "person" amenable to suit under 42 U.S.C. § 1983. *Garrett v. Angelone*, No. 00-6475, 2000 WL 1275318, at *1 (4th Cir. Sept. 8, 2000) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 892 (E.D. Va. 1992).

To the extent Plaintiff seeks to hold Chesapeake Correctional Center liable under a theory of vicarious liability, the Court notes that the common-law doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Plaintiff has not alleged that he was denied access to the courts as a result of "another's conduct in execution of the defendant's policies or customs." *Kendrick v. Russell*, No. 7:11-cv-00099, 2011 WL 902203, at *2 (W.D. Va. Mar. 14, 2011) (*citing Fisher v. Wash.*

---

[1] Although Plaintiff mentions Deputy Brinkley in the body of his complaint, Dep. Brinkley is not identified as a defendant.

*Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991)). Accordingly, based on the current complaint, Chesapeake Correctional Center is not a proper defendant in this matter.

### B. Access to the Courts

Prisoners have a right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right can be vindicated "either by providing prisoners with adequate law libraries or with adequate assistance from persons trained in the law." *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) (*citing Bounds*, 430 U.S. at 828); *Alley v. Angelone*, 962 F. Supp. 827, 837 (E.D. Va. 1997) (holding that "[s]tates need not provide both law libraries and advisors" to fulfill their constitutional obligations (*citing Smith v. Bounds*, 813 F.2d 1299, 1302 (4th Cir. 1987)); *Williams v. Leeke*, 584 F.2d 1336 (4th Cir. 1978)).

Of course, the right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, in order to plead a backward looking denial of access to the courts claim, a plaintiff must identify, with specificity, a non-frivolous legal claim that the defendant's actions prevented him from litigating. *Id.* at 415-16; *Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996). Accordingly, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." *Christopher*, 536 U.S. at 417 (footnote omitted). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416. Additionally, the "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions . . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." *Godfrey v. Wash. Cnty., Va., Sheriff*, No. 7:06cv00187, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (*citing Lewis*, 518 U.S. at 351).

Plaintiff states in a conclusory fashion only that a prison official denied Plaintiff access to a law library computer. The terse and unclear[2] nature of his

---

[2] For example, the complaint suggests that Plaintiff sought to appeal his sentence, but that the jail official denied him access because Plaintiff had not yet been sentenced. Plaintiff does not attempt to explain this discrepancy.

4

claim results in Plaintiff's failure to show that Defendant denied him an opportunity to litigate his claims, or that any meritorious challenge to his conviction existed. Plaintiff does not, for example, attempt to show that he was ultimately denied the right to file an appeal in his Driving Under the Influence case at issue. Accordingly, it is RECOMMENDED that the action be DISMISSED.

(May 3, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. More than fourteen (14) days have elapsed, and Plaintiff has not filed objections or an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which Plaintiff does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

Plaintiff having no objections, the Report and Recommendation will be accepted and adopted, and the action will be dismissed with prejudice for failure to state a claim. The Clerk will be directed to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

                                               /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: June 20, 2011
Richmond, Virginia